IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMRUTBHAI PATEL, and NILABEN PATEL, | : :   C.A. No. 08-094-LPS : |
| Plaintiffs, | :   Jury Demand : |
| v. | : : |
| UNITED AIR LINES, INC., a Delaware corporation, | : : : |
| Defendant. | : |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, United Air Lines, Inc., by and through the undersigned counsel, hereby files this Motion to Dismiss Plaintiffs' Complaint pursuant to F.R.C.P. 12(b)(6) and respectfully offers the following in support thereof:

**<u>Facts</u>**

1. Plaintiffs, Amrutbhai Patel and Nilaben Patel ("Plaintiffs") filed a Complaint against United Air Lines, Inc. ("Defendant") in the Superior Court of the State of Delaware in and for Kent County, C.A. No.:08C-01-028, on January 16, 2008. Plaintiffs' Complaint alleged a cause of action for breach of contract, negligence, and willful, wanton and outrageous conduct. A copy of the Complaint is attached hereto as Exhibit A.

2. There case was removed to Federal Court pursuant to 28 U.S.C. § 1441 (b) because Plaintiffs' Complaint is founded on claims arising under the laws of the United States. Specifically, The Montreal Convention, or the Convention for the Unification of Certain Rules for International Carriage by Air (28 May 1999) applies to the present action.

3. In the Compliant, Plaintiffs' allege the following:

- In Paragraph 3 of the Complaint, Plaintiffs allege that on July 17, 2007, Plaintiff had purchased tickets and entered into a transportation contract with Defendant to be transported on flight UA 836 from Shanghai, Pu Dong (PVG) to Chicago, Illinois, O'Hare (ORD), which contract included furnishing Plaintiffs and other members of their group with Hindu meals. . ."

- In Paragraphs 4 and 5 of the Complaint, Plaintiffs allege that they were not offered Hindu meals and allege they were treated with "negligent, wilful and wanton conduct by the flight attendants. . ."

- In Paragraph 6 of the Complaint, Plaintiffs allege that the flight attendants' conduct toward Plaintiffs was "intentional, reckless, wanton and outrageous and resulted in severe emotional distress to Plaintiffs."

- Plaintiffs demand judgment against Defendants seeking damages for "breach of contract, negligence, willful, wanton and outrageous conduct."

**Legal Standard**

4. A motion to dismiss under F.R.C.P. 12(b)(6) tests the legal sufficiency of the complaint. *Neitzke v. Williams,* 490 U.S. 319, 326-27. A motion to dismiss is properly granted when accepting as true all non-conclusory factual allegations in the complaint and drawing all reasonable inferences in favor of the non-moving party, a plaintiff can prove no set of facts upon which relief may be granted. *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3th Cir. 2008). Dismissal should be granted where it appeared that plaintiff would be entitled to no relief under

any state of facts which could be proved in support. *Melo-Sonics Corp. v. Cropp,* 342 F.2d 856, 858 (3rd Cir. 1965).

**Argument**

5.	The Warsaw Convention, as well as the Montreal Convention (Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal May 28, 1999) governs the rights of passengers injured on international flights. *El Al Isr. Airlines, Ltd. v. Tseng,* 525 U.S. 155, 161 (1999). The purpose of the Warsaw Convention is to achieve uniformity of rules governing claims arising from international air transportation. 49 U.S.C.A. § 40105. The two conventions have "substantially the same preemptive effect." *Paradis v. Ghana Airways Ltd.,* 348 F. Supp.2d 106, 111 (S.D.N.Y. 2004) *aff'd,* 2006 U.S. App. WESTLAW 2456499 (2d. Cir. August 18, 2006).

6.	The claims alleged in Plaintiffs' Complaint are governed by the Warsaw Convention and Montreal Convention (Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal May 28, 1999) as Plaintiffs' alleged incident occurred while Plaintiffs were onboard an international flight.

7.	The liability of an air carrier for harm to passengers is set forth in Article 17 of the Warsaw Convention. That section states that the carrier shall be liable for damages in the event of death, wounding or other bodily injury.

8.	Plaintiffs' Complaint does not contain allegations of death, wounding or other bodily injury as required by the Warsaw Convention to entitle Plaintiffs to recover.

9.	As stated in Eastern Airlines v. Floyd, 499 U.S. 530, 535-536 (1991), there is no recovery for a passenger unless the passenger satisfies three conditions: a) there has been an

accident in which b) the passenger suffered death, wounding or any other bodily injury, and c) the accident took place on board the aircraft or in the course of the operations of embarking or disembarking.

10. As stated above, Plaintiffs' Complaint seeks recovery for claims of severe emotional distress, breach of contract, negligence, willful, wanton and outrageous conduct for damages generally.

11. Plaintiffs' Complaint must be dismissed pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

12. Plaintiffs' allegations do not entitled Plaintiff to seek recovery from Defendant, as Plaintiffs' Complaint fails to satisfy the conditions required by the Warsaw and Montreal Conventions.

WHEREFORE, Defendant, United Air Lines, Inc. respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint with prejudice.

**TIGHE & COTTRELL, P.A.**

/s/ Melissa L. Rhoads
Melissa L. Rhoads, Esq. (DE ID # 4906)
Paul Cottrell, Esq. (DE ID # 2391)
704 King Street, Suite 500
One Customs House
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400

Dated: August 19, 2008

**CERTIFICATE OF SERVICE**

      I, Melissa L. Rhoads, Esq., hereby certify that on this 19th day of August, 2008, a true and correct copy of the foregoing Motion to Dismiss was served via electronic filing through CM/ECF, postage pre-paid upon the following counsel of record:

Nicholas H. Rodriguez, Esq.
Schmittinger & Rodriquez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

 

                                                                                _____
                                                                                Melissa L. Rhoads, Esq.

# EXHIBIT A

EFiled: Jan 16 2008 9:51
Transaction ID 18081923
Case No. 08C-01-028 JTV

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| AMRUTBHAI PATEL, and NILABEN PATEL, | * * * |
| Plaintiffs, | * C.A. No.: * * ARBITRATION CASE |
| v. | * * COMPLAINT |
| UNITED AIR LINES, INC., a Delaware corporation, | * * TRIAL BY JURY DEMANDED * |
| Defendant. | * |

1. Plaintiffs are Amrutbhai Patel and Nilaben Patel, who reside at 131 Dodge Drive, Smyrna, Kent County, Delaware.

2. Defendant is United Air Lines, Inc., a Delaware corporation, its resident agent being Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. At all times pertinent hereto, Defendant owned and operated airlines engaged in contract transportation of customers throughout the world.

3. On July 17, 2007, Plaintiffs had purchased tickets and entered into a transportation contract with Defendant to be transported on flight UA 836 from Shanghai, Pu Dong (PVG) to Chicago, Illinois, O'Hare (ORD), which contract included furnishing Plaintiffs and other members of their group with Hindu meals more particularly described on Defendants' statement of religious diets. The meal reservation list is attached designated Exhibit "A". Defendant's religious diet statement is attached designated Exhibit "B".

4. When Defendant's flight attendants started serving meals to customers on the airplane, Hindu meals were not served to

Plaintiffs and other members of their group. When Plaintiffs informed Defendant's employees that they could not eat the meals offered because they were not Hindu meals, Plaintiffs were told by Defendant's employees that they could not have any meals or food of any nature whatsoever other than what had been offered throughout the entire flight. The Plaintiffs did not receive the Hindu meals as contracted for, which contract was breached by Defendant and its employees.

5. When Plaintiffs stated that they could not eat the meals offered since they were not Hindu meals, they were treated with the following negligent, wilful and wanton conduct by the flight attendants, which caused fear and severe emotional distress to Plaintiffs, which conduct was as follows:

a) The head female flight attendant instructed the other attendants that Plaintiffs and no member of their group was to receive any food or alternate for the remainder of the 12 hour trip despite the fact that other passengers were offered and received fresh fruit and bread;

b) The head female flight attendant threatened to have the airplane diverted to Tokyo, Japan, where Plaintiff Amrutbhai Patel would be taken off, where his passport would be taken from him and he would be arrested;

c) The head female flight attendant threatened Plaintiff Amrutbhai Patel that he would be arrested and investigated by the Federal Bureau of Investigation once the aircraft arrived in Chicago, Illinois;

      d)    The head female flight attendant, throughout the flight, referred to Plaintiffs and their group as "these people" and threatened to have anyone arrested who said anything about the situation;

      e)    Plaintiff Nilaben Patel was required to take antibiotics because of her health condition at the time and she was unable to take her required antibiotics throughout the entire flight because the medication could not be taken without food.

6.    Plaintiffs not only suffered the inconvenience and deprivation of having food throughout the entire 12 hour flight, but also suffered severe emotional distress and fear that the head female flight attendant, an employee of Defendant, would carry out her threats, having Plaintiffs arrested and investigated once they reached Chicago or being handcuffed or otherwise restrained during the entire flight. The conduct of the flight attendants toward Plaintiffs was readily apparent to all members of the flight in the immediate vicinity and was highly embarrassing and distressing to Plaintiffs and all members of the group, which conduct was intentional, reckless, wanton and outrageous and resulted in severe emotional distress to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant for damages of breach of contract, negligence, and willful, wanton and outrageous conduct for damages generally, costs and interest.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NICHOLAS H. RODRIGUEZ, ESQUIRE
Bar I.D. #356
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
302-674-0140
Attorney for Plaintiff

DATED: 01-16-08
NHR:cef